IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JASON DON SELLS,
TDCJ-CID No. 02325552,

    Plaintiff,

v.

NFN WHITE, *et al.*,

    Defendants

2:20-CV-011-Z-BR

# MEMORANDUM OPINION AND ORDER
# DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Potter County Detention Center. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 13. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff alleges that he was arrested on December 9, 2019. He states he was held as a pretrial detainee in Potter County Jail and denied access to the law library. ECF No. 3 at 4. Because he was represented by counsel in his ongoing criminal case, the staff at Potter County Jail denied him access to law library resources. *See id.* Plaintiff alleges that he did have counsel for his criminal proceedings, but he intended to sue state actors for malicious prosecution. *See id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and

dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

ANALYSIS

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by identifying a pursuable "nonfrivolous, arguable" legal claim that was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002)

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

2

(internal marks omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997).

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Degrate v. Godwin*, 84 F.3d 768, 768–69 (5th Cir. 1996) (emphasis added) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Plaintiff has not asserted a "relevant actual injury" regarding any civil or criminal action before the courts. *See Lewis*, 518 U.S. at 351; *see also* ECF No. 3 at 4. Plaintiff asserts that he was denied law library access to research a malicious prosecution civil lawsuit while his state court criminal charges were pending. However, such a claim would be frivolous, and therefore he was not prejudiced by the denial of access to the law library.

Plaintiff's alleged "nonfrivolous" claim that was interrupted by Defendants — malicious prosecution — was related to state criminal charges pending at the time of Defendants' alleged conduct. Accordingly, because these criminal charges remained pending when Plaintiff attempted to bring suit, a lawsuit over the same subject matter could not proceed until the pending charges were resolved. *See, e.g., Busick v. City of Madison, Miss.*, 90 Fed. Appx. 713, 713–14 (5th Cir. 2004) (unpublished) ("Because the criminal proceedings were . . . and are still pending . . . the district court should have stayed the proceedings in this civil action pending the resolution of the criminal charges . . . ."). "The court may — indeed should — stay proceedings in the [S]ection 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Thus, Plaintiff could not proceed with a malicious prosecution claim while criminal charges were ongoing in state court, and his civil lawsuit on those grounds was not ripe for consideration.

3

Plaintiff has failed to state a claim for denial of access to the courts, and his Complaint is **DISMISSED**.

**CONCLUSION**

The Complaint is **DISMISSED**.

**SO ORDERED.**

March 20, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE